UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| GREGORY PAUL VIOLETTE, | ) | |
|---|---|---|
| Plaintiff | ) | |
| v. | ) | No. 1:19-cv-00015-GZS |
| CBHH, LLC, et al., | ) | |
| Defendants | ) | |

### RECOMMENDED DECISION ON MOTION TO DISMISS

The defendants, following their removal of this action on diversity grounds from state court, move to dismiss it for lack of personal jurisdiction and failure to state a claim. *See* Defendants CBHH, LLC & Charles Tacker's Motion To Dismiss ("Motion") (ECF No. 7). Because the amount in controversy does not exceed $75,000, I recommend that the court remand the action to the state court and deem the defendants' motion moot.

#### I. Applicable Legal Standards

"A court is duty-bound to notice, and act upon, defects in its subject matter jurisdiction sua sponte." *Spooner v. EEN, Inc.*, 644 F.3d 62, 67 (1st Cir. 2011).

This court has original jurisdiction over civil actions where complete diversity exists between the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). The party seeking to invoke federal jurisdiction bears the burden of demonstrating that jurisdiction is proper. *See, e.g., Coventry Sewage Assocs. v. Dworkin Realty Co.*, 71 F.3d 1, 4 (1st Cir. 1995).

In making a jurisdictional determination such as this, the court is bound to "rigorously enforce the jurisdictional limits that Congress chooses to set . . . ." *Coventry Sewage*, 71 F.3d at 4. To appropriately respect the boundaries of the federal courts' limited jurisdiction, all doubts in

this area are resolved against removal and in favor of a remand to state court. *See, e.g., Rosselló-González v. Calderón-Serra*, 398 F.3d 1, 11 (1st Cir. 2004); *Harris Mgmt., Inc. v. Coulombe*, No. 2:14-cv-41-GZS, 2014 WL 4723096, at *2 (D. Me. Sept. 23, 2014); *English v. Bank of Am., N.A.*, Civil No. 1:13-CV-265-DBH, 2013 WL 6448672 at *5 (D. Me. Dec. 9, 2013).

## II. Discussion

The plaintiff alleges $43,000 in damages. *See* Plaintiff's Civil Complaint ("Complaint"), Exh. C (ECF No. 1-3) to Notice of Removal ("Notice") (ECF No. 1), at 2. In their notice of removal, the defendants argue that this court has subject matter jurisdiction because of the parties' diversity. Notice at 2. The defendants assert that diversity jurisdiction exists because the plaintiff is a resident of Maine, while the defendants are residents of Arkansas, and because "the amount in controversy exceeds $75,000 exclusive of interest and costs[.]" *Id.* The defendants argue that the amount in controversy exceeds $75,000 because the plaintiff "is seeking $250,000 in punitive and exemplary damages." *Id.* In addition to punitive damages, the *pro se* plaintiff also seeks attorney fees. *See* Complaint at 2. For the reasons below, neither punitive damages nor "attorney fees" enable this action to meet the amount in controversy prerequisite for diversity jurisdiction.

### A. Punitive Damages

"Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount." *Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.*, 320 U.S. 238, 240 (1943) (footnote omitted).

While the plaintiff seeks punitive damages in his complaint, s*ee* Complaint at 2, punitive damages are not available under Maine's Unfair Trade Practices Act ("UTPA"), *see, e.g., Maine-ly Marine Sales & Serv., Inc. v. Worrey*, No. Civ.A. CV-04-369, 2006 WL 1668039, at *4 (Me. Super. Ct. Apr. 10, 2006); *Taylor v. Philip Morris Inc.*, No. Civ.A. CV-00-203, 2001 WL 1710710, at *7 (Me. Super. Ct. May 29, 2001). Therefore, because it is a "legal certainty" that he cannot

recover punitive damages, I cannot consider the $250,000 the plaintiff seeks in punitive damages to determine whether the amount in controversy exceeds $75,000. *Bell*, 320 U.S. at 240 ("the question remains whether it is apparent to a legal certainty from the complaint that [the plaintiff] could not recover . . . sufficient punitive damages to make up the requisite [jurisdictional minimum]").

### B. Attorney Fees

"Even though attorneys' fees are typically excluded from the amount-in-controversy determination, there are two exceptions to this rule: 'when the fees are provided for by contract, and when a statute mandates or allows payment of the fees.'" *Get In Shape Franchise, Inc. v. TFL Fishers, LLC*, 167 F. Supp. 3d 173, 190 (D. Mass. 2016) (quoting *Spielman v. Genzyme Corp.*, 251 F.3d 1, 7 (1st Cir. 2001)).

Here, both exceptions apply. Maine's UTPA authorizes an award of reasonable attorney fees. *See* 5 M.R.S.A. § 213. Likewise, the contract between the parties entitles the prevailing party in any dispute to attorney fees. *See* Real Estate Contract (Residential) ("Agreement"), Exh. B (ECF No. 7-3) to Affidavit of Michael Ford (ECF No. 7-2), attached to Motion, at 11.

The question remains whether the plaintiff, as a *pro se* litigant, can recover attorney fees, and thus, whether attorney fees can be counted toward the amount in controversy for this action. The plaintiff, here, is representing himself *pro se*. *See generally* ECF Docket. At no point in this action has he been represented, including at the state court level prior to removal. *See generally* [State Court] Docket Record (ECF No. 8-1), attached to Affidavit of Adam J. Shub, Esq. (ECF No. 8). Generally, courts have not allowed a *pro se* plaintiff to collect under attorney fees provisions, and "[a]n award of attorney's fees … has long been unavailable to *pro se* litigants in the First Circuit." *Marcello v. Maine*, 238 F.R.D. 113, 117 (D. Me. 2006); *see also Daley v. Fed.*

3

*Bureau of Prisons*, 199 F. App'x 119, 121 (3d Cir. 2006) ("The general requirement of attorney representation in order to collect attorney's fees is well established.").

My research did not yield any cases analyzing whether Maine's UTPA allows *pro se* plaintiffs to recover attorney fees, but the reasoning that other courts have used to decline such awards under similar statutes is instructive. In those contexts, courts have posited that awarding attorney fees encourages "litigation protecting civil rights" and enables "potential plaintiffs to obtain the assistance of competent counsel in vindicating their rights." *Kay v. Ehrler*, 499 U.S. 432, 436 (1991) (footnote omitted); *see also Crooker v. U.S. Dep't of Justice*, 632 F.2d 916, 920 (1st Cir. 1980) ("By eliminating the obstacle of attorney fees, [the attorney fees provision] ensures that all litigants have access to the courts to vindicate their statutory rights.") (citation and internal quotation marks omitted); *Crooker v. EPA*, 763 F.2d 16, 17 (1st Cir. 1985) ("A primary purpose in enacting the EAJA, and particularly [the attorney fees provision], was to remove the obstacle of litigation expenses, including attorney's fees, so that litigants may challenge unreasonable governmental action and vindicate their rights in court.").[1]

I find that reasoning persuasive here. The South Carolina Supreme Court concluded that the attorney fees provision in South Carolina's UTPA "encourages individuals to pursue litigation to protect the public interest." *Taylor v. Medenica*, 503 S.E.2d 458, 460 (S.C. 1998). Awarding the plaintiff attorney fees in this action would not further the objective of the UTPA and might even harm it by disincentivizing seeking counsel. *See Kay*, 499 U.S. at 438 ("A rule that authorizes awards of counsel fees to *pro se* litigants . . . would create a disincentive to employ counsel whenever such a plaintiff considered himself competent to litigate on his own behalf.").

---

[1] The Supreme Court also noted the suggestive nature of the word "attorney" in "attorney's fees." *Kay*, 499 U.S. at 435-36.

As to the parties' attorney fees contract provision, it covers only attorney fees "incurred" as part of an action. Agreement at 11. Since the plaintiff is representing himself, he is incurring no attorney fees. Thus, I find that an attorney fees award in not available to plaintiff and may not be considered to determine whether the amount in controversy exceeds $75,000.

In the alternative, even if a *pro se* plaintiff could recover attorney fees under Maine's UTPA or the parties' contract provision, a review of the record makes clear that the plaintiff has not reasonably incurred at least $32,000 in fees, the amount by which he currently falls short: his efforts thus far amount only to drafting and filing a two-page complaint, filling out two summonses, and drafting and filing a six-line opposition to the defendants' instant motion. *See generally* Complaint; Summons [re: CBHH, LLC], Exh. A (ECF No. 1-1) to Notice; Summons [re: Charles Tacker], Exh. B (ECF No. 1-2) to Notice; Motion To Not Dismiss Case (ECF No. 9). Furthermore, any showing that the plaintiff might incur $32,000 in reasonable attorney fees in the future would be too speculative to consider. *See, e.g., Waithaka v. Amazon.com, Inc.*, Civil Action 17-40141-TSH, 2018 WL 4092074, at *2 (D. Mass. Aug. 28, 2018) ("[I]t is unreasonably speculative to assume that this will be a heavily litigated case that amasses over $600,000 in attorneys' fees.").

### III. Conclusion

Since the plaintiff seeks only $43,000 in damages and no other potential source of relief is sufficient to meet the requisite jurisdictional minimum, the amount in controversy falls short of $75,000, and this court lacks subject matter jurisdiction over this action. For the foregoing reasons, I recommend that the court **REMAND** the action to the state court and **MOOT** the defendants' motion to dismiss.

## *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 1st day of July, 2019.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge